(January 26, 1904.)

## MORETON v. VILLAGE OF ST. ANTHONY.

[75 Pac. 262.]

CITIES AND VILLAGES—LIABILITY FOR DAMAGES.

    1. Cities and villages incorporated under the general laws of Idaho are liable in damages for negligent discharge of the duty of keeping the streets thereof in a reasonably safe condition for use by travelers in the usual modes.

    2. Where they are organized under the general laws and not by special charter, no distinction is made between cities and villages as to liability for negligent care of their streets.

    3. *Carson v. City of Genesee,* ante, p. 244, 74 Pac. 862, approved and followed.

(Syllabus by the court.)

APPEAL from District Court in and for Fremont County. Honorable J. M. Stevens, Judge.

Action by plaintiff against the village of St. Anthony for damages sustained by reason of the defective condition of a street. Judgment for plaintiff and defendant appealed. Affirmed.

Caleb Jones and F. S. Dietrich, for Appellant.

We have no statutory provision creating liability on the part of villages in Idaho to respond in damages for injuries resulting from defects in sidewalks or streets in said villages, and in the absence of such statutory provisions, the rules of common law will apply, and there is no liability under the common law. (Idaho Rev. Stats., sec. 18; Dillon on Municipal Corporations, sec. 1014; *Hill v. Boston,* 122 Mass. 344, 23 Am. Rep. 332; *Giffen v. City of Lewiston,* 6 Idaho, 231, 55 Pac. 545; *Winbigler v. Los Angeles,* 45 Cal. 36; *City of Arkadelphia v. Windham,* 49 Ark. 139, 4 Am. St. Rep. 32, 4 S. W. 450; *City of Fort Smith v. York,* 52 Ark. 84, 12 S. W. 157; *Tranter v. City of Sacramento,* 61 Cal. 271; *Chope v. City of Eureka,* 78 Cal. 588, 12 Am. St. Rep. 113, 21 Pac. 364, 4 L. R. A. 325;

*Arnold v. San Jose,* 81 Cal. 618, 22 Pac. 877; *Kind v. Police Jury of St. Landry,* 12 La. Ann. 858; *Roberts v. City of Detroit,* 102 Mich. 64, 60 N. W. 450, 27 L. R. A. 572; *Carter v. City of Rahway,* 55 N. J. L. 177, 26 Atl. 96; *City of Navasota v. Pearce,* 46 Tex. 525, 26 Am. Rep. 279; *Bates v. Village of Rutland,* 62 Vt. 178, 22 Am. St. Rep. 95, 20 Atl. 278, 9 L. R. A. 363; *Bartram v. Town of Sharon,* 71 Conn. 686, 71 Am. St. Rep. 225, 43 Atl. 143, 46 L. R. A. 144.)   The bridge in question was and is simply a part of a county highway, which happened to pass through the defendant village, and extended many miles in each direction, running through several road districts in the county.   (*Worden v. Witt,* 4 Idaho, 404, 95 Am. St. Rep. 70, 39 Pac. 1114.)

J. R. King, King & Milsaps and E. E. Chalmers, for Respondent.

The common-law rule exempting *quasi* corporations, such as counties, townships, etc., from liability for the unsafe and dangerous condition of their streets or bridges has no application to the case at bar, for the reason that the statutes of this state have made cities and villages municipal corporations politic and proper.   (Fifth Sess. Laws, p. 199.)   Municipal corporation proper defined: 1 Dillon on Municipal Corporations, secs. 19, 20.   Public and municipal corporations distinguished: 1 Dillon on Municipal Corporations, sec. 22.   Distinction between municipal corporations proper, such as cities and towns voluntarily organized, and involuntary *quasi* corporations, such as counties, etc.: 1 Dillon on Municipal Corporations, sec. 23.   And as such the leading decisions of this country and the best text-writers distinguished between municipal corporations proper and *quasi* corporations, such as counties, townships, etc.; See 2 Dillon on Municipal Corporations, secs. 996-999, 1017; Elliott on Roads and Streets, pp. 312-315 . 2 Dillon on Municipal Corporations quoted with approval in the case of *Davis v. Ada County,* 5 Idaho, 126, 95 Am. St. Rep. 166, 47 Pac. 94; 15 Am. & Eng. Ency. of Law, 2d ed., p. 420, and cases cited. A municipal corporation in this state voluntarily applies to

the county commissioners by a majority of its taxpayers to become a corporation, and thereby assumes all the duties and liabilities enjoined by law. (Fifth Sess. Laws, p. 197. See 11 Am. Rep. 65, 66; Bishop on Noncontract Law, secs. 755, 756.) Where the duty to keep the streets and bridges in repair is in terms enjoined upon the corporate authorities, and they are supplied with the means by levying taxes to perform it, the corporation is held liable on the general principles of law, without any statute declaring the liability. See authority and mandatory duties imposed by statute. (Fifth Sess. Laws, 1899, p. 270.) Section 1 provides for a separate road district in cities and villages. Power of cities and villages to establish, lay out, alter and open streets, construct bridges and levy taxes to maintain the same. (Sixth Sess. Laws 1901, p. 90; Fifth Sess. Laws 1899, p. 208, sec. 81, p. 270, sec. 1.) In support of this proposition see 2 Dillon on Municipal Corporations, sec. 1018; Bishop on Noncontract Law, sec. 758; Elliott on Roads and Streets, p. 315; 15 Am. & Eng. Ency. of Law, 2d ed., p. 420, and notes. Perhaps the most important distinction in the decisions between the liability of a municipality is when it is engaged in public or governmental functions or duties, and when it is engaged in private or local municipal enterprises, or about its proprietary business. (20 Am. & Eng. Ency. of Law, 2d ed., p. 1191, and long list of cases cited in note 6. See, also, 50 Am. Rep. 292, showing the distinction strongly; *Barnes v. Dist. of Columbia*, 91 U. S. 540-557, 23 L. ed. 440; *Nebraska City v. Campbell*, 2 Black, 590, 17 L. ed. 271.)

AILSHIE, J.—This was an action by the plaintiff against the defendant for damages received while traveling on a public street within the corporate limits of the defendant. The defendant is a municipal corporation organized and existing under the general laws of this state.

The only question presented upon this appeal is that of the liability of a municipal corporation of this state organized under the general laws for damages sustained by reason of the negligence of such municipality in the care and keeping of its streets.

The question here raised was fully considered by this court in *Carson v. City of Genesee, ante,* p. 244, 74 Pac. 862, and the conclusion there reached disposes of this case adversely to the appellant. We are satisfied with the principles announced in that case and reaffirm them here.

It was urged upon the oral arguments that a distinction should be made between the liability of cities and the liability of villages. We see no reason for making any such distinction. Where they are organized under the general laws and not by special charter, there can be no reason for making any distinction between them as to liability for negligence in the care of their streets. It has also been suggested that the matters complained of in this case as shown by the evidence do not constitute negligence on the part of the village. This appeal is from the judgment only and the record does not contain the evidence, and we cannot therefore consider its sufficiency.

It seems proper to say here that a municipality is not guilty of negligence for every act or omission which would constitute negligence on the part of an individual. Much discretion is vested in such bodies. For instance, the corporation is not guilty of negligence for a failure to build sidewalks on all of its streets, but when it has constructed a walk, it must keep it in a reasonably safe condition.

Judgment affirmed, with costs to respondent.

Sullivan, C. J., and Stockslager, J., concur.