(February 1, 1913.)

## LAURA STAAB et al., Respondents, v. ROCKY MOUNTAIN BELL TELEPHONE CO. et al., Defendants, and IDAHO–OREGON LIGHT & POWER CO., Appellant.

### [129 Pac. 1078.]

Negligence—Electric Wires—Dangerous Agency—Duty of Care Commensurate With Danger—Injuries Sustained While in Line of Duty—Contributory Negligence—Excessive Verdict.

1. A company engaged in generating, transmitting and distributing a highly dangerous and unseen force like electrical energy is chargeable with a legal duty of handling it with such care and caution as to protect the public against its dangers, and especially to protect those who may be called upon to come near or in close contact with the transmission wires, from dangers which they may not see or appreciate or may readily overlook.

2. Where an electric light and power company maintains its poles within a foot of the poles of a telephone company and carries and maintains live wires charged with electrical current, it is chargeable with notice that laborers and linemen working on the telephone company's poles and wires may and will come in close contact with the electric light wires, and such company is chargeable with the duty of protecting such persons against receiving injury from the current carried on such wires, and this duty is commensurate with the danger apparent.

3. Where a telephone lineman known as "trouble man," while seated on a messenger wire, was suddenly and without apparent cause precipitated onto a live wire maintained by an electric light company immediately under the telephone wires, and was suddenly electrocuted, and no cause is shown for the fall, and he is afterward found to have had an electric burn on the foot which was nearest to the electric light wires, *held*, that the evidence is sufficient to

justify the jury in returning a verdict that his death was primarily caused by an electric shock, and the court and jury may presume in the absence of proof to the contrary that the person who lost his life under such circumstances exercised reasonable care and pre-caution in an effort to preserve his life, and that he did not expose and subject himself to injuries and risks that he might reasonably have anticipated or expected would inflict mortal injuries.

4. Where an employee of a telephone company known as a "trouble man" was employed at a regular monthly salary and his regular hours of employment were from 7:30 in the morning to 5:30 in the evening, and it is shown that it was his duty to respond to calls at all times when needed, and he was responding to such a call after regular hours and received a fatal injury, *held*, that he was not a trespasser or mere volunteer on the company's prop-erty, but that he was engaged in the line of his duty and received his injury while in the discharge of such duty.

5. Contributory negligence is a matter of defense in this state, and where the question is presented and there is a conflict of evi-dence, the jury are the exclusive judges of the weight and prepon-derance of the evidence and may determine for themselves as to whether the defense of contributory negligence has been made out.

6. Where a telephone company and an electric light company were both made defendants in an action for damage, it was not error for the plaintiff to elect as to which of the defendants it would proceed against and dismiss as to the other defendant.

7. Instructions of the court and rulings on the admission of evi-dence examined and *held* no reversible error was committed.

8. Where a husband and father in good health, thirty-two years of age, earning a monthly salary of $85, was electrocuted through negligence of an electric light company by coming in contact with a live wire, *held* that a verdict and judgment for $15,000 in favor of the widow and two minor children is not excessive.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Chas. P. McCarthy, Judge.

Action for damages. Judgment for the plaintiffs and de-fendant appealed. *Affirmed.*

Wyman & Wyman and Cavanah, Blake & MacLane, for Appellant.

The plaintiff must show that the alleged negligence was the proximate cause of the injury, and this fact cannot be

presumed through inference or conjecture. (*Elliott v. Alleghany Light Co.,* 204 Pa. 568, 54 Atl. 278.)

The verdict should have been directed for the defendant, as there was no evidence of the cause of death, and the cause could only be inferred by conjecture. (*McDonald v. Edison Illuminating Co.,* 208 Mass. 199, 94 N. E. 259.) Deceased was a licensee or volunteer.

Decedent not being engaged in performing any duty of his employment at the time he met his death, was not entitled to the status of a servant as against the telephone company and, being without rights as to that company, the light company was still less under any obligation to look out for his safety, and *deceased* having voluntarily placed himself in a position of known obvious danger, this defendant is not liable in damages for the accident that occurred. (2 Labatt, Master and Servant, sec. 633; *McCue v. National Starch Co.,* 142 N. Y. 106, 36 N. E. 809; *Ray v. Diamond Steel Co.,* 2 Penne. (Del.) 525, 47 Atl. 1017; *Ind. Natural Gas Co. v. Marshall,* 22 Ind. App. 121, 52 N. E. 232; *Mellor v. Merchants' Mfg. Co.,* 150 Mass. 362, 23 N. E. 100, 5 L. R. A. 792; *Allen v. Hixson,* 111 Ga. 460, 36 S. E. 810; *Knox v. Pioneer Coal Co.,* 90 Tenn. 546, 18 S. W. 255; *Mickelson v. New East Tintic Ry. Co.,* 23 Utah, 42, 64 Pac. 463; *Pittsburgh C. & St. L. Co. v. Adams,* 105 Ind. 151, 5 N. E. 187; *Hurst v. Chicago R. I. & P. Co.,* 49 Iowa, 76; *Cumberland Telegraph Co. v. Martin,* 116 Ky. 554, 105 Am. St. 229, 76 S. W. 394, 77 S. W. 718, 63 L. R. A. 469; *Sullivan v. Boston & A. R. C.,* 156 Mass. 378, 31 N. E. 128.)

The deceased was guilty of contributory negligence, which was the proximate cause of his death. (*Rippetoe v. Feely,* 20 Ida. 619, at 637, 119 Pac. 465; *Denver City Tramway Co. v. Gustafson,* 21 Colo. App. 478, 121 Pac. 1015; *Anderson v. Inland Telephone & Telegraph Co.,* 19 Wash. 575, 53 Pac. 657, and cases there cited, 41 L. R. A. 410; *Columbus R. Co. v. Dorsey,* 119 Ga. 363, 46 S. E. 635; *Rowe v. Taylorville Electric Co.,* 213 Ill. 318, 72 N. E. 711.)

The admission of evidence calling for conclusions of witnesses was reversible error. (*Shafter v. Evans,* 53 Cal. 32;

*Redfield v. Oakland Ry. Co.,* 112 Cal. 220, 43 Pac. 1117; *Smuggler Mining Co. v. Broderick,* 25 Colo. 16, 71 Am. St. 106, 53 Pac. 169.)

The damages are excessive. (*Holt v. Spokane Ry. Co.,* 3 Ida. 703, 35 Pac. 39; *York v. Pacific Nor. Ry. Co.,* 8 Ida. 574, 69 Pac. 1042; *Anderson v. Great Northern Ry. Co.,* 15 Ida. 519, 99 Pac. 91.)

The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence. In the latter case it is not sufficient for the employee to show that the employer may have been guilty of negligence; the evidence must point to the fact that he was. (*Patton v. Texas & P. R. Co.,* 179 U. S. 661, 21 Sup. Ct. 275, 45 L. ed. 361; *Adams v. Bunker Hill etc. Min. Co.,* 12 Ida. 649, 89 Pac. 624, 11 L. R. A., N. S., 844.)

Frawley & Block and Hawley, Puckett & Hawley, for Respondent.

The decedent was not a mere trespasser. It does not make any difference whether he was ordered to work or not, if the work that he did was for the benefit of his employer, if it was tacitly ordered or acquiesced in by his immediate superior.

Whether or not he was rightfully upon the pole as an employee is a matter for a jury if inferences can be reasonably drawn from the evidence. (Labatt, Master and Servant, p. 1867; *Schilling v. Abernethy,* 112 Pa. 437, 56 Am. St. 320, 3 Atl. 792; *Newark etc. Co. v. Garden,* 78 Fed. 74, 23 C. C. A. 649, 37 L. R. A. 725; *Catlett v. Young,* 143 Ill. 74, 32 N. E. 447; *Pennsylvania Co. v. Gallagher,* 40 Ohio St. 637, 48 Am. Rep. 689; *Patnode v. Warren Cotton Mills,* 157 Mass. 283, 34 Am. St. 275, 32 N. E. 161; *Evansville & R. R. Co. v. Maddux,* 134 Ind. 571, 33 N. E. 345, 34 N. E. 511; *Broderick v. Detroit Union & R. Depot Co.,* 56 Mich. 261, 56 Am. Rep. 382, 22 N. W. 802; *Welch v. Maine Central R. Co.,* 86 Me. 552, 30 Atl. 116, 117, 25 L. R. A. 658; *Collins v. Cincinnati etc. R. Co.,* 13 Ky. Law Rep. 670, 18 S. W. 11.).

The appellant owed a duty to all persons whose presence upon the pole was to be reasonably anticipated. (*Newark L. & P. Co. v. Garden, Admrs., etc., supra;* Thompson on Negligence, par. 801; *Guinn v. Delaware & A. T. Co.,* 72 N. J. L. 276, 111 Am. St. 668, 62 Atl. 412, 3 L. R. A., N. S., 988; *Braun v. Buffalo General Electric Co.,* 200 N. Y. 484, 140 Am. St. 645, 24 N. E. 206, 21 Ann. Cas. 370, 34 L. R. A., N. S., 1089; *Denison Light & Power Co. v. Palton* (Tex. Civ. App.), 135 S. W. 1040; *Daltry v. Media Electric L. H. & P. Co.,* 208 Pa. 403, 57 Atl. 833.)

The appellant cannot complain that the phone company also was negligent. Each company is responsible for its own negligence. (*Trammell v. Columbus R. Co.,* 9 Ga. App. 98, 70 S. E. 892; *Illingsworth v. Boston etc. Light Co.,* 161 Mass. 583, 37 N. E. 778, 25 L. R. A. 552; *Musolf v. Duluth-Edison Co.,* 108 Minn. 369, 122 N. W. 499, 24 L. R. A., N. S., 451; *Denison Light & Power Co. v. Patton* (Tex. Civ. App.), 135 S. W. 1040; *Herbert v. Lake Charles I. L. & W. Co.,* 111 La. 522, 100 Am. St. 505, 35 So. 731, 64 L. R. A. 101; *Knowlton v. Des Moines-Edison Light Co.,* 117 Iowa, 451, 90 N. W. 818.)

The appellant owed the highest duty toward decedent of insulating its wires. (Thompson on Negligence, par. 800; *Colusa etc. v. Monahan,* 162 Fed. 276, 89 C. C. A. 256; *Bourke v. Butte & Electric Light Co.,* 33 Mont. 267, 83 Pac. 470; *Griffin v. United Electric Light Co.,* 164 Mass. 492, 49 Am. St. 477, 41 N. E. 675, 32 L. R. A. 400; *Chicago v. Dinius,* 170 Ind. 222, 84 N. E. 9; *Beaning v. So. Bend E. Co.,* 45 Ind. App. 261, 90 N. E. 786; *Fitzgerald v. Edison Ill. Co.,* 200 Pa. 540, 86 Am. St. 732, 50 Atl. 161; Joyce on Electric Law, pars. 445–663; Thompson on Negligence, Supp., par. 801; *Cutler v. Pittsburg Silver Peak G. M. Co.,* 34 Nev. 45, 116 Pac. 418.)

Companies handling electricity are responsible for the highest degree of care. (*Younie v. Blackfoot Light & Water Co.,* 15 Ida. 56, 96 Pac. 193; *Eaton v. City of Weiser,* 12 Ida. 544, 118 Am. St. 225, 86 Pac. 541; *Haynes v. Raleigh Gas Co.,* 114 N. C. 203, 41 Am. St. 786, 19 S. E. 344, 26 L. R. A. 810; *Giraudi v. Electric Imp. Co.,* 107 Cal. 120, 48 Am. St. 114, 40 Pac. 108, 28 L. R. A. 596; *Perham v. Portland G. E. Co.,* 33

Or. 451, 72 Am. St. 730, 53 Pac. 14, 24, 40 L. R. A. 799; 15 Cyc. 473; *Finch v. City of Ottawa* (Kan.), 190 Fed. 299, 111 C. C. A. 199.)

The jury had a right to presume that decedent was exercising ordinary care. (*Adams v. Bunker Hill etc. Co.*, 12 Ida. 642, 89 Pac. 624, 11 L. R. A., N. S., 844; *Braun v. Buffalo General Electric Co., supra; Catlett v. Young, supra.*)

Decedent had a right to believe that the light company's wires and particularly the secondaries were insulated. (*Mitchell v. Electric Co.*, 129 N. C. 166, 85 Am. St. 935, 39 S. E. 801, 55 L. R. A. 398; *Fitzgerald v. Edison etc. Illuminating Co.*, 200 Pa. 540, 86 Am. St. 732, 50 Atl. 161; *Clemens v. Louisiana etc. Light Co.*, 44 La. 692, 32 Am. St. 348, 11 So. 51, 16 L. R. A. 43; *McAdam v. Central Ry. & Electric Co.*, 67 Conn. 445, 35 Atl. 341.)

The following cases are conclusive upon the question of election on the part of plaintiff as here involved: *City of Denver v. Sherret* (Colo.), 88 Fed. 226, 31 C. C. A. 499; *French v. Central Const. Co.*, 76 Ohio, 509, 81 N. E. 751, 12 L. R. A. 669; *Fowden v. Pacific Coast S. S. Co.*, 149 Cal. 151, 86 Pac. 178; *McIntyre v. Southern Ry.*, 131 Fed. 985.

Damages awarded were not excessive. (*Maw v. Coast Lumber Co.*, 19 Ida. 396, 114 Pac. 9; *Maloney v. Winston Bros. Co.*, 18 Ida. 740, 111 Pac. 1080; *Anderson v. Great Northern Ry. Co.*, 15 Ida. 513, 99 Pac. 91; *Cox v. N. W. Stage Co.*, 1 Ida. 376; *Fort Worth & R. G. R. Co. v. Kime*, 21 Tex. Civ. App. 271, 51 S. W. 558; *Ericius v. Brooklyn Heights R. R. Co.*, 63 App. Div. 353, 71 N. Y. Supp. 596; *Reilly v. Brooklyn Heights R. R. Co.*, 65 App. Div. 453, 72 N. Y. Supp. 1080; *Railway Co. v. Hendrick's Admr.*, 88 Tenn. 710, 13 S. W. 696, 14 S. W. 488; *East Line & Red River R. Co. v. Smith, Admr.*, 65 Tex. 167; *San Antonio A. P. R. Co. v. Harding*, 11 Tex. Civ. App. 497, 33 S. W. 373; *Lane v. Brooklyn Heights R. Co.*, 85 App. Div. 85, 82 N. Y. Supp. 1057; *Tex.-Mexican R. Co. v. Higgins*, 44 Tex. Civ. App. 523, 99 S. W. 200; *Louisville N. R. Co. v. Shivell's Admr.* (Ky.), 18 S. W. 944; *Harris v. Puget Sound El. R. Co.*, 52 Wash. 289, 100 Pac. 838; *St. Louis & I. M. S. R. Co. v. Cleere*, 76 Ark. 377, 88 S. W. 995; *Missouri K. & T. R.*

*Co. v. McDuffey,* 50 Tex. Civ. App. 202, 109 S. W. 1104; *Neary v. M. P. R. Co.,* 41 Mont. 480, 110 Pac. 226; *Missouri, K. & T. Ry. Co. v. Carter,* 47 Tex. Civ. 309, 104 S. W. 910; *Trieber v. New York & A. C. Ry. Co.,* 149 App. Div. 804, 134 N. Y. Supp. 267; *Galveston H. & S. A. Ry. Co. v. Mitchell,* 48 Tex. Civ. 381, 107 S. W. 374; *Kansas City Ry. Co. v. Frost,* 93 Ark. 183, 124 S. W. 748; *Houston Belt & Terminal Ry. Co. v. O'Leary* (Tex. Civ. App.), 136 S. W. 601.)

AILSHIE, C. J.—This action was prosecuted by the widow and minor children of Walter R. Grove, deceased, for the recovery of damages sustained on account of his death.· Verdict was rendered and judgment entered for the aggregate sum of $15,000, $3,000 in favor of the widow, $5,500 in favor of Mary L. Grove, and $6,500 in favor of Alice C. Grove. The defendants appealed.

The action was commenced against the Rocky Mountain Bell Telephone Co. and the Idaho-Oregon Light & Power Co. A motion was subsequently made to require the plaintiffs to elect as to which company they would proceed against and the plaintiffs elected to proceed against the Idaho-Oregon Light & Power Co. and dismissed as to the telephone company.

Walter R. Grove was an employee of the Rocky Mountain Bell Telephone Co. at the time of his death and was working at the monthly salary of $85 and discharging the duties of "trouble man." His regular working hours were from 7:30 in the morning to 5:30 in the evening, but it appears that he was subject to duty whenever occasion required, whether in or out of regular working hours. On the evening the accident occurred, about supper-time and during twilight, he went with another employee of the company to make an inspection of a line between Thirteenth and Fourteenth streets in Boise City. The telephone poles and electric light poles both stood along the same alley and on the same side of the alley, and the two poles were only about eleven inches apart. The wires on the telephone pole were several feet above the electric light wires. Grove climbed the telephone pole and sat on what is called the messenger wire or cable, and exam-

ined the "messenger can" on the pole, his feet hanging down toward the electric light wires. He finished his inspection and was raising up to inspect the "aero" wires, and the next that was seen of him was a few seconds later when his companion and assistant saw him lying across the primary or transmission electric light wire, which was sizzling and burning his body, and this wire soon broke and the deceased turned a somersault in the air and fell on the roof of a shed in an adjacent yard. The electric light wires consisted of a primary or transmission wire and an arc wire and a number of secondary or distributing wires. The primary or transmission wire carried a current of 2,300 volts; the arc wire a current of 2,000 volts, while the secondary or distributing wires carried a current ranging from 115 to 200 volts. The primary wires appear to have been insulated. The others seem not to have been insulated, or, at least, if they had been insulated, the insulation had ceased to be of any protection or value.

1. As to whether or not the proper care and precaution had been taken by the light company to insulate these wires to guard them against employees and innocent persons who might be working about them, was one of the facts on which there was a conflict of evidence, and this was submitted to the jury and has been passed upon by them.

The appellant was engaged in the business of generating, transmitting and distributing the most dangerous and least understood article known to the business or commercial world, namely, electrical energy—an unseen force, and it was chargeable with the legal duty of so handling it as to protect the public and especially those who might be called upon to come near or in contact with its wires from dangers they could not see and which they might readily overlook. (*Eaton v. City of Weiser*, 12 Ida. 544, 118 Am. St. 225, 86 Pac. 541; *Newark E. L. & P. Co. v. Garden, Admr.*, 78 Fed. 74, 23 C. C. A. 649, 37 L. R. A. 725.) It is extremely doubtful if the appellant company exercised the care in protecting its wires that it should have exercised in this instance. It allowed its wires to be in close proximity to the telephone wires, and it was

chargeable with notice that linemen would be compelled to climb the telephone poles and work among the telephone wires.

2. It is contended that there is no evidence as to the manner in which deceased met his death. On this question the evidence is not positive and direct. The circumstances, however, went to the jury and were sufficient to justify them in concluding that it was caused by an electric shock. The deceased had an electric burn on one of his heels, and it is argued by counsel that he received such a shock from one of the company's wires as to cause his muscles to relax and precipitate him from the messenger wire on to the main wires where he was electrocuted. It is clear that his death resulted from his contact with these live wires. No one can be positive, however, as to the cause of his falling. That might have been an accident on his part or it may have been caused, as suggested by counsel, by a shock received from the secondary wires. The burn on his heel would tend to strengthen the latter presumption. Where death was almost instantaneous, as in this case, and no one could see or positively know the cause which precipitated deceased on this live wire, it is the duty of this court to presume that the person who lost his life under such circumstances exercised reasonable care and precaution in an effort to preserve his life and that he did not expose or subject himself to injuries and risks that he might reasonably have anticipated or expected would inflict mortal injuries. (*Adams v. Bunker Hill etc. Mining Co.,* 12 Ida. 648, 89 Pac. 624, 11 L. R. A., N. S., 844; *Fleenor v. Oregon S. L. R. Co.,* 16 Ida. 803, 102 Pac. 897.) The evidence was sufficient to justify the jury in concluding that the deceased came to his death from an electric shock received from the appellant company's electric wires.

3. It has been argued that the deceased was a mere licensee or volunteer on the telephone company's property at the time he received the fatal injury and was not engaged in the line of his duty, and that therefore no recovery can be had. The evidence shows that the deceased was a "trouble man" in the employ of the telephone company and that such an employee "is supposed to be on duty at all times when needed. . . . .

A trouble man works for so much per month and is subject to duty whenever occasion requires. . . . . He is supposed to be the guardian of maintenance conditions, that is, he clears trouble, repairs irregular conditions, inspects for irregularities, and, if possible, cleans them up." The evidence adduced on the trial was sufficient to justify the jury in concluding that the deceased was engaged in the line of his duty when he met his death.

4. The question of contributory negligence was properly submitted to the jury and their finding thereon has support in the evidence. The burden of proving contributory negligence was on the defendant. (Sec. 4421, Rev. Codes; *Adams v. Bunker Hill etc. Mining Co.*, 12 Ida. 642, 89 Pac. 624, 11 L. R. A., N. S., 844; *Goure v. Storey*, 17 Ida. 360, 105 Pac. 794; *Rippetoe v. Feely*, 20 Ida. 619, 119 Pac. 465.)

5. There was no error in dismissing the case as to the telephone company. The dismissal can in no way work to the prejudice or injury of the light company in any claim that it might have against the telephone company on account of this judgment or the accident which led to the judgment.

6. We find no error in the instructions of the court or in the rulings of the court on the admission of evidence.

7. We do not consider the verdict sufficiently large to justify this court in either reversing the judgment or reducing the amount. It should be remembered that this judgment represents the loss sustained both by the widow and the two minor children, a total of $15,000 for three persons dependent upon his earnings and support, and the deceased was a man in good health and thirty-two years old at the time of his death. This verdict is not out of proportion or harmony with verdicts approved by this court in *Anderson v. Great Northern R. R. Co.*, 15 Ida. 513, 99 Pac. 91; *Maloney v. Winston Bros.*, 18 Ida. 740, 111 Pac. 1080; *Walsh v. Winston Bros.*, 18 Ida. 768, 111 Pac. 1090; *Maw v. Coast Lumber Co.*, 19 Ida. 396, 114 Pac. 9.

We conclude that the judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan and Stewart, JJ., concur.