(May 7, 1914.)

## GEORGE A. RICHARDSON, Respondent, v. JOSEPH D. BOHNEY, Appellant.

[140 Pac. 1106.]

HARMLESS ERROR—SUFFICIENCY OF EVIDENCE.

    1. No judgment will be reversed upon appeal by reason of errors or defects in the proceedings below which do not affect the substantial rights of the parties.

    2. Evidence examined, and *held* that there is substantial evidence to support the verdict and findings of the jury.

APPEAL from the District Court of the Ninth Judicial District for Fremont County. Hon. James G. Gwinn, Judge.

Action to ascertain and determine the true boundary line between the homestead entries of plaintiff and defendant. Judgment for plaintiff. Defendant appeals. *Affirmed.*

Millsaps & Moon, for Appellant, cite no authorities on points decided.

Soule & Soule, for Respondent.

"The only question presented on this appeal is the sufficiency of the evidence, and there is evidence which supports the verdict. For these reasons the judgment must be affirmed." (*Meeker v. Trappett,* 24 Ida. 198, 133 Pac. 117.)

WALTERS, District Judge.—This action was commenced by the plaintiff for the purpose of ascertaining and determining the true boundary line between the homestead entries of the plaintiff and the defendant, Joseph D. Bohney. The plaintiff and defendant differed as to the location of said line as established by the original government survey. By answer the defendant put in issue the allegations of the complaint as to the location of said line, and such question was by trial presented to a jury who returned a general verdict

in favor of the plaintiff, and made answers to interrogatories in each instance favorable to the contention of the plaintiff. The defendant brings this action here for review upon ten assignments of error, the first nine of which urge that the court erred in overruling the defendant's objection to some several questions on the ground that the same were incompetent, immaterial and irrelevant; were not proper rebuttal, or were not proper cross-examination.

(1) The record discloses that this action consumed five days for trial and that twenty-two witnesses were called and testified, the greater number of them being returned to the stand more than once, the transcript of the testimony being over six hundred pages in volume. From the length of time occupied in trying the case and the number of witnesses called, it may readily be seen that it would be quite extraordinary if erroneous rulings of the trial court upon some several questions on the ground that the same were incompetent, immaterial and irrelevant, or not proper rebuttal or proper cross-examination, would constitute reversible error, such as to authorize or justify the judgment being disturbed, where no controlling principle of law was involved. Counsel for appellant, however, concede that the law of the case as announced and invoked by the trial court was correct.

We can note no error in the particulars assigned sufficient to authorize or require a reversal of this judgment, for if there is any error in the rulings questioned it is but purely technical, and in no sense and no manner prejudicial, and at most can only be such harmless or technical error as abounds in every trial of some considerable length which is vigorously, and oftentimes blunderingly, contested. This court is admonished by sec. 4231 of the Revised Codes that no judgment shall be reversed or affected by reason of errors or defects which do not affect the substantial rights of the parties.

(2) It is further lastly urged by counsel for appellant in assignment of error No. 10 that the verdict and findings of the jury were not in accordance with the evidence. It may in short be said that there is very substantial evidence

to support the verdict and findings of the jury and the judgment duly entered herein, and that in accordance with the provisions of sec. 4824 of the Revised Codes requiring ''that whenever there is substantial evidence to support a verdict the same shall not be set aside,'' the judgment entered herein should not be set aside and is hereby *affirmed.*

Costs are awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.