[Civ. No. 11449. First Appellate District, Division Two.—May 24, 1940.]

FRED W. LAKE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Wm. B. Chaplin and Fred W. Lake for Petitioner.

Bronte M. Aikins and James L. Feely for Respondent.

NOURSE, P. J.—The petitioner sued in *mandamus* to require the dismissal of a proceeding pending in the respondent court. The alternative writ of *mandamus* was ordered issued upon the allegations of the petition that the complaint was filed on November 21, 1932; that the defendants answered on April 17, 1933; that on July 11, 1939, petitioner moved the respondent court for an order dismissing the action, which motion was denied; and "that no stipulation in writing was ever given or made, by or between counsel or otherwise, by which the time of trial of said action was extended beyond the five year period following the commencement of said action, and no such extention of time of trial was ever given or made in any way".

Upon the return day an answer was filed to the petition alleging that the parties through the exchange of numerous letters agreed and stipulated to the various extensions of time for bringing the cause to trial. Proof of these allegations was made by affidavit and they are not denied by the petitioner. The pertinent question presented by the return is whether the mutual exchange of letters between the parties agreeing to continuances of the day of trial is equivalent to where "the parties have stipulated in writing" within the terms of section 583 of the Code of Civil Procedure. ▉ But the pleadings as a whole present a much simpler question as they disclose that the question stated was the issue presented to the trial court in petitioner's motion to dismiss the action and that such motion was heard upon evidence taken at the time, but which is not before us in this proceeding. Hence the denial of that motion on October 2, 1939, was a judicial determination of the issue of petitioner's right to a dismissal adverse to this petitioner. Thus the decision upon this application for a writ must rest upon the solid ground that when the trial court has acted within its jurisdiction upon a mixed question of law and fact its order, whether right or wrong, cannot be controlled by *mandamus*. (*Bank of America* v. *Superior Court,* 22 Cal. App. (2d) 450, 452 [71 Pac. (2d) 296].) In that case the court, fully recognizing the mandatory character of the code section, said: "and in order to take a case out of the operation thereof the stipulation provided for in the exception must be in writing and it must clearly and definitely appear therefrom that the statutory time was deliberately intended to be extended by both parties". ▉ The intention of both parties to extend the time of trial here is fully disclosed by these conceded facts: the action in the court below was based upon a money judgment recovered against the Honey Lake Valley Company and Fred W. Lake by Alice L. Aikens. While the plaintiff Aikins was endeavoring to bring the cause to trial the defendants therein moved the trial court for a vacation of the original judgment upon which the pending action was based. Both parties then agreed to numerous continuances awaiting the ruling on the motion to vacate the former judgment. Though this motion was made on June 30, 1937, it still remains undecided. It would have been futile, of course, to have proceeded with the trial of the pending action if the

motion to vacate the judgment upon which it was based should have been granted, and this appears to have been the mutual understanding of the parties. But, upon this application for a mandate we must presume in support of the order that all the evidence, including that which has not been brought up, supports the order complained of.

The petition is denied and the alternative writ is discharged.

Sturtevant, J., and Spence, J., concurred.