## DUNN et al. v. CAVANAUGH.

(Circuit Court of Appeals, Second Circuit. February 14, 1911.)

### No. 126.

**1.** ELECTRICITY (§ 19*)—UNINSULATED WIRES—WARNING—SUFFICIENCY—JURY QUESTIONS.

It was a jury question whether warning to a subcontractor's employé that neither he nor his rigging should touch certain electric wires, and that he must not go near them, was sufficient to advise him of the danger which caused his death—existence of a static current surrounding an uninsulated wire.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 19.*]

**2.** ELECTRICITY (§ 19*)—UNINSULATED WIRES—CONTRIBUTORY NEGLIGENCE—JURY QUESTIONS.

Whether a subcontractor's employé, electrocuted by coming in contact with a static current surrounding an uninsulated wire, was guilty of contributory negligence in lowering himself opposite the wire, held, under the evidence, a jury question.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 19.*]

**3.** ELECTRICITY (§ 18*)—UNINSULATED WIRES—ASSUMPTION OF RISK.

A subcontractor's employé assumed all risks he knew or ought to have known to exist in working near uninsulated electric wires.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 10; Dec. Dig. § 18.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† 29 Sup. Ct. 436.

4. ELECTRICITY (§ 19*)—UNINSULATED WIRES—ASSUMPTION OF RISK—JURY QUESTION.

Whether a subcontractor's employé, electrocuted by coming in contact with a static electric current surrounding an uninsulated wire, assumed the risk, *held*, under the evidence, a jury question.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 19.*]

5. ELECTRICITY (§ 14*)—DUTY TO INVITEES.

An owner of premises on which there were high tension electric wires was bound to a subcontractor's employé to make the place where he was required to work reasonably safe; it being only as to mere licensees that one owes no active duty as to the condition of premises.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 14.*]

In Error to the Circuit Court of the United States for the Northern District of New York.

Action by James M. Cavanaugh, administrator, against George W. Dunn and others, receivers. Judgment for plaintiff, and defendants bring error. Affirmed.

Abram J. Rose and George B. Curtiss, for plaintiffs in error.

William E. Woollard (Michael D. Reilly, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The defendants contracted with one Proctor to paint the power house, a corrugated iron building, through the front of which two parallel rows of uninsulated high tension wires about 10 feet apart issued to crossbars on telegraph poles. Proctor subcontracted to the plaintiff, who, in turn, employed his son, the decedent, to assist him in doing the work. The decedent painted the space between these two rows of wires from a boatswain's chair hung from the roof, which he pulled to one or the other side of the perpendicular by means of drift lines fastened on the opposite corners of the roof. On the afternoon of his death he had rigged his chair on the east side of the front of the building so that it hung about 18 inches above a cross-arm of the telegraph pole which held one of these wires carrying a current of 2,000 volts on an insulator about 2 feet 6 inches away from the front of the building. When it came time to knock off work, he drifted his boatswain's chair back to the perpendicular, but to a point lower down so that, instead of being above, it was a little below, this insulator. When he got opposite it, a flame leaped from this wire to his loins, which killed him instantly.

The evidence is that around an uninsulated wire carrying a current of large voltage there is another static electric current of uncertain diameter varying according to the tension of the current in the wire, and also to the condition of the atmosphere which will shock any one who gets within it, even without touching the wire.

The issues were whether the defendants were negligent in not sufficiently warning the decedent of the danger which killed him; whether he himself was not guilty of negligence in lowering his chair, as he apparently must have done before he drifted back to the perpendicular,

and whether he assumed the risk which killed him in working at this dangerous plant.

The evidence shows that the decedent was told in various forms that the wires were very dangerous, viz., that he should not touch them: that he should not let his rigging touch them; that he must keep out of their way; that he must not go near them, etc. But he was not told of this static current by which he might be injured without touching the wires. There is no evidence that he knew of it, and it is highly improbable that he did.

The defendants assign for error that the court should have directed a verdict in favor of the defendants in view of this warning. But we think the judge was quite right in leaving it to the jury to say whether the warnings would not be understood by an ordinarily prudent person as referring to actual contact with the wires, and whether they were of such character as to advise him of the danger which actually caused his death.

The defendants further contend that a verdict should have been directed in their favor because the decedent was guilty of contributory negligence as a matter of law in lowering the boatswain's chair so as to get opposite instead of being above the wire. This question, we think, was properly submitted to the jury because if all the decedent had to apprehend was the danger of touching the wires he could not be said to be guilty of contributory negligence in getting opposite one, at least as a matter of law.

The defendants further contend that the verdict should have been directed in their favor because decedent assumed the risk of the injury which he sustained. He assumed all risks he knew or ought to have known to exist, but it was for the jury to say whether he did know or ought to have known of this particular danger. It certainly would be obvious to very few persons not experts or engaged in business involving electrical currents of high tension.

Exceptions were also taken to the charge, only one of which we think it necessary to mention, viz., that it was error in the court to charge the jury that it was the duty of the defendants to make the premises where the decedent worked reasonably safe. This is a correct statement of the duty of the owner or occupier of real estate as to persons whom he invites to work there. It is only in the case of mere licensees that he is held to no active duty as to the condition of the premises.

Judgment affirmed.