WILSON v. HIBBERT.

(Circuit Court of Appeals, Third Circuit. April 3, 1912.)

No. 1,574.

1. MASTER AND SERVANT (§ 330*)—INJURIES TO SERVANT—PROXIMATE CAUSE.

Evidence *held* to warrant a finding that the proximate cause of an injury to plaintiff, while working in a building in process of construction by defendant as general contractor, was the undermining of a pier by an independent plumbing contractor, whose work was under defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant's supervision, and defendant's permitting the pier to remain so undermined until the trench was filled and the wall softened by rainwater.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330;* Negligence, Cent. Dig. § 240.]

2. MASTER AND SERVANT (§ 318*)—NEGLIGENCE—INDEPENDENT CONTRACTOR—INJURIES—GENERAL CONTRACTOR'S LIABILITY.

Where defendant, the general contractor for the construction of certain buildings, sublet the mason work, carpenter work, and plumbing to independent contractors, but reserved to himself and exercised the right to supervise the work, he was liable for injuries sustained by a servant of the carpenter contractor by the collapse of a brick pier, resulting from the negligent undermining of the pier by the plumbing contractor, and could not escape such liability on the ground that the latter was an independent contractor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1257, 1258; Dec. Dig. § 318.*

Negligence of independent contractor see note to Atlantic Transport Co. v. Coneys, 28 C. C. A. 392.]

3. MASTER AND SERVANT (§ 322*)—DANGEROUS PREMISES—DUTY TO PROTECT.

Where a brick pier, constructed in the erection of a building, had been accepted by the general contractor, it was his duty to protect the same from being so undermined as to threaten the safety of the employés of other contracts working on or about it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1263; Dec. Dig. § 322.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by Charles M. Hibbert against E. Allen Wilson. Judgment for plaintiff, and defendant brings error. Affirmed.

G. Von Phul Jones, for plaintiff in error.

John J. McDevitt, Jr., for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

GRAY, Circuit Judge. Wilson, the plaintiff in error, an architect by profession, entered into a written contract with one Brown, the owner of a lot of land in the city of Philadelphia, by which it was agreed that he should build for the said Brown upon said lot 26 houses. The contract was a complete and entire building contract, the houses to be delivered when finished, according to the specifications drawn up by Wilson and accompanying the contract. For performance on his part Wilson was to receive a lump sum, payable in certain instalments as the work progressed. By a special stipulation, the owner was relieved from any responsibility for loss or damage which might happen during the course of the work of construction, or for any material or other things furnished or supplied by the contractor. There was also the usual stipulation in which the contractor covenanted to save from and keep harmless the owner from the filing of mechanics' liens by himself or any sub-contractors. It was further agreed that the said contractor, Wilson, should not "sublet any part of the general contract to construct said operation." Under this contract, the defendant entered into possession of the premises, for the purpose

of the building operation, and entered into three sub-contracts—one for the mason work, one for the carpenter work and another for the plumbing work. These contracts covered the entire work to which they related, all of them being in the same form, written upon the same blanks. In each of them, as in the plumbing contract, with which we are here concerned, the sub-contractor agreed with the defendant that, as to so much of the work as was sub-contracted for, he would take his place and do everything about and concerning the same as provided in the contract between the defendant and the owner, Brown. It was also stipulated that he should be considered as an independent contractor in respect to that part of the work which he had undertaken to perform, and that he alone should be answerable for any loss or damage caused by his own sub-contractor's agents or employés.

During the progress of the work thus provided for, a brick wall on a stone foundation had been built, with a certain pier therein, by the sub-contracting mason. Afterwards the plumbing contractor, in making excavation for the reception of soil pipes, dug a trench under the said brick pier and allowed the same to remain open and to fill with water from the rains that were then prevalent. While the pier was in this undermined condition, Hibberd, the plaintiff below, while working in the second story and pounding on the jamb of a door against the said pier, was suddenly precipitated from the place where he was working to the ground below, by reason of the falling of said pier, and suffered the injuries complained of. The suit in the court below was in consequence brought against the defendant, Wilson, the general contractor, to recover damages suffered by plaintiff by reason of the falling of said pier.

The statement of claim alleges that plaintiff was, at the time of the accident, employed by the sub-contracting carpenter and that the defendant was the builder of the property in question; that while so employed, defendant neglected to properly construct and maintain certain walls and foundations and to provide proper methods for "providing against the elements," and neglected to require the filling in of various excavations and permitted the plumbing contractor or others to excavate at or about the foundations of the wall in a careless, negligent and dangerous manner, and allowed them to permit such excavations to remain in such condition as to become dangerous.

It appears from the evidence (and there is no dispute about the material facts in the case) that the plumber, under his sub-contract, was required to do his own excavating; that the trench dug for the soil pipe was improperly made to extend under the brick pier in question, and the expert testimony clearly shows that it would have been convenient, as well as proper, to have placed the pipe in another trench already open which did not so undermine the pier. It also appears that the undermining trench, in which the soil pipe was laid, was not covered over, but was allowed to remain open, and that the rains filled it with water. It is also in evidence that the brick pier itself, after it had fallen, appeared to be a mass of soft material, indicating that the mortar had not entirely hardened when the trench was dug.

[1] That this undermining of the pier was the causa causans of

the accident, is not seriously questioned by the plaintiff in error. Indeed, the defense relied upon is chiefly, if not entirely, the relation of the sub-contracting plumber to the general contractor, the defendant. It is contended that the plumber, being an independent contractor, was responsible for the location and digging of the undermining trench, and therefore that he alone was liable for the damage that occurred by reason of the negligence in so locating the same. It is disclosed by the evidence that the contracting carpenter, one Lannagan, was also employed by the defendant as his general superintendent of the whole building operation, and Lannagan himself testifies that he had supervision over practically all the work for Wilson, the defendant; that a watchman was there employed by Wilson; that a telephone was there in Wilson's name, and that Wilson inspected the work at the end of each week, and then would allow the vouchers for the amount of work done. Lannagan also testifies that, in Wilson's absence, he, Lannagan, would give any directions required as to the doing of any of the work, whether by plumbers, carpenters or stone masons. Lannagan also testifies that the particular pier that fell was up as high as it was to be built, and had been built for approximately four weeks. Some reference was also made at the argument, although there was little or no evidence in regard to the matter, that the statement of claim charged improper construction, in that the pier collapsed by reason of a certain steel girder or girders, carrying a portion of the upper floor of one of said buildings, not having been properly supported and imbedded. There is no testimony, however, nor was it insisted at the trial, that this alleged defect in the structure caused the falling of the pier. The real cause of the accident, so far as disclosed by the testimony, was the conjoint undermining by the trench of a wall softened by the rains. There was evidence tending to show that the wall had been completed, and as a completed structure was in the possession and control of the defendant, and, as charged in the statement of claim, that he permitted it to be undermined by the negligent placing of the trench beneath it.

[2] The doctrine by which the owner of premises out of possession may be exempt from liability for the negligence of an independent contractor engaged in a building operation on such premises, cannot apply to the case in hand. On the other hand, the legal situation has some analogy to one where, under the same circumstances, the occupier or owner in possession is held liable. The defendant, as general contractor, necessarily had possession and control of the premises, and though he made what are called independent contracts for certain portions of the work to be done, he could not relieve himself from liability for a dangerous situation, which, though created by the so-called independent contractor, he passively or actively permits to exist.

[3] There was, moreover, evidence to go to the jury tending to show that this wall had been completed and accepted by the defendant, and if this were so, whatever were the duties or liabilities of the sub-contractor, it was the defendant's paramount right and duty to protect this wall from being so undermined as to threaten the safety

of those working on and about it. The case was fairly submitted to the jury by the learned judge of the court below and we think the defendant's motion for judgment notwithstanding the verdict, was properly overruled. The assignment of error in that regard, which is the only assignment contained in the record, must therefore be disallowed, and the judgment below affirmed.