(May 16, 1914.)

## LOUIS GAGNON, Appellant, v. ST. MARIES LIGHT & POWER CO., LTD., a Corporation, Respondent.

### [141 Pac. 88.]

PLEADING—DEMURRER ON GROUND OF CONTRIBUTORY NEGLIGENCE—ON GROUND OF DEFECT OF PARTIES—PERSONAL INJURY—EMPLOYEE OF INDEPENDENT CONTRACTOR—ELECTRICAL APPLIANCES—DEGREE OF PROTECTION TO INVITEE.

1. *Held,* that the complaint in this case states a cause of action.

2. Under the rule in force in this state requiring a liberal construction of pleadings, a demurrer to the complaint in a personal injury case should not be sustained on the ground that it disclosed contributory negligence on its face, when all the allegations of the complaint taken together, and considered in the sense in which the pleader has evidently used and employed the language therein contained, charge negligence of the defendant and care and diligence on the part of plaintiff.

3. Where an electric light and power company made a contract for the painting of its transformer station, and an employee of the contractor, not familiar with the premises or the appliances, was injured by coming in contact with uninsulated and unprotected loose wires which were not obviously dangerous, and in regard to which he had received no warning, an action for damages may properly be prosecuted by the employee of the contractor against such corporation.

4. The employee of an independent contractor doing work on the premises of another is an invitee by special agreement, and the proprietor of such premises is under obligation to see that he have a reasonably safe place to work and that he have reasonable protection against the consequences of hidden dangers known to the proprietor.

5.  Those who deal in electricity as a business are held to the highest degree of care with reference to all persons not themselves wrongdoers who in any capacity may accidentally or otherwise come in contact with their electrical appliances.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. R. N. Dunn, Judge.

Action for damages for personal injury received by plaintiff while in the employ of an independent contractor.   Demurrer to complaint sustained.   *Reversed.*

E. N. LaVeine, W. D. Keeton and W. F. Morrison, Jr., for Appellant.

John P. Gray and Frank M. McCarthy, for Respondent.

The authorities cited by counsel are mentioned in the opinion *infra.*

AILSHIE, C. J.—The complaint in this action, after setting forth the corporate capacity of the defendant, alleges that at the times mentioned it was operating an electric lighting and power plant and engaged in furnishing electric light and power in the vicinity of the city of St. Maries; that for such purpose it maintained a frame building in said city which it used for a transformer station and office, with which were connected transmission wires carrying a load of about 2,200 volts of electricity; that these wires entered the building about three feet below the eaves; "that at the point where said wires were connected to said building, the defendant carelessly and negligently allowed and permitted two short, separate wires connected with said transmission wires which were bare and uninsulated and unprotected at the ends, which wires were *unused,* to hang down and dangle loosely near the side of said building, and carelessly and negligently allowed and permitted a strong current of electricity to pass into and be in said loose ends of said wires so hanging down from said connection as aforesaid."

Then follow allegations of carelessness and negligence in that the defendant permitted such loose wires, so charged with electric current, to hang uninsulated and unprotected, and an averment of its duty "to see that persons employed to work upon said building were afforded a reasonably safe protection from the said dangerous agency." The fifth and seventh paragraphs we quote in full:

"V. That some time prior to the 16th day of April, 1913, defendant engaged one R. B. Ward, a contracting painter, to paint the aforesaid station and office building; that said R. B. Ward hired, among others, the plaintiff to paint said building; that, shortly after commencing to work in the employment aforesaid, on the afternoon of the 16th day of April, 1913, plaintiff let himself down below said charged wires and connections; that in painting he carefully avoided contact with said charged wires which entered said building and which evidently were or might have been carrying electricity; that while engaged in painting and while exercising due care in so avoiding said wires, and inadvertently, but without negligence or lack of care on his part, plaintiff's left forearm came in contact with the uninsulated and unprotected ends of the said two unused wires which were separately and loosely hanging down the side of said building as aforesaid, and that by reason of said contact with the ends of said wires plaintiff was severely burned, and shocked by reason of said injury, suffered great bodily pain and mental anguish, and was compelled to expend large sums of money for medical attendance and care and is still required to be attended by a physician."

"VII. That plaintiff had no knowledge of the danger lurking in said two unused and unprotected wires, and had no reason to apprehend any danger from contact with them; that plaintiff had a right to rely, and did rely, upon the defendant furnishing a reasonably safe place for him to work, and if said wires were dangerous to have had them joined, protected or insulated, or a warning given him of their dangerous character, or to have them removed; that the said loose ends were by reason of the carelessness and negligence of the

said defendant, its officers, servants or employees, not removed, nor connected and insulated, nor was plaintiff warned by defendant nor by any person by or on behalf of the defendant, of the dangerous character of said loose wires; that defendant remained and was at all of the said times in possession of said building and in control of said wires and said electric current and that all of the hidden danger due to or arising out of the carelessness, negligence and improper care of said wires, was solely within the knowledge of the said defendant or should by the exercise of reasonable care have been within its said knowledge.''

The remaining paragraphs of the complaint set forth the permanent injury to plaintiff's left hand and arm and allege his earning capacity. To this complaint defendant demurred on the following grounds:

''1. That said complaint does not state facts sufficient to constitute a cause of action against the defendant.

''2. That there is a defect of parties defendant as appears upon the face of said complaint in this: That it is alleged in paragraph five of said complaint that the plaintiff at the time of the alleged injury was working for R. E. Ward, a contracting painter, and upon the face of the complaint it shows that plaintiff's cause of action, if any he has, is against said Ward, his master, and not against the defendant named.''

A third ground is that of uncertainty with reference to the allegations of earning capacity, but which counsel do not urge in this court.

The trial court sustained the demurrer specifically on the first ground, viz., that the complaint fails to state facts sufficient to constitute a cause of action, and gave plaintiff leave to amend. Plaintiff elected to stand on his pleading and appeals from the order of the trial court dismissing the action.

Respondent contends that the complaint itself shows appellant to have known and appreciated the danger of his employment on respondent's premises, and that he therefore assumed the risk. He particularly calls attention to the language used in paragraph 5, where after stating that plaintiff

"carefully avoided contact" with the main transmission wires which entered the building, the pleader goes on to say: "and inadvertently, but without negligence or lack of care on his part, plaintiff's left forearm came in contact with the uninsulated and unprotected ends of the said two unused wires." From this language, and especially the use of the word "inadvertently," it is urged that both knowledge of the danger and negligence in the avoidance of it is imputable to plaintiff, and that for this reason alone he could not recover.

We think, however, that the meaning of the pleader may be fairly gathered from a succeeding allegation in paragraph 7, where he avers that plaintiff "had no knowledge of the danger lurking in said wires, and had no reason to apprehend any danger from contact with them." We are not disposed to commend the allegations of paragraph 5 as affording a model of good pleading in a personal injury case, but taking the complaint as a whole, and viewing the allegations of paragraph 5 together with those of paragraph 7, at the same time bearing in mind the rule for liberal construction of pleadings which has been so often applied by this court, we are inclined to think that so far as this contention is concerned, the demurrer should have been overruled.

A more important question is raised by the second ground of defendant's demurrer, and although the lower court did not sustain the demurrer specifically on this ground, yet as the same question must arise in proceeding further under the complaint, it seems advisable to dispose of it in this opinion. It is also true that if the demurrer was good on any ground stated, it would be the duty of this court to sustain the trial court, even though he sustained the demurrer on an erroneous ground.

Respondent's contention is, that since the complaint shows the appellant to have been the employee of an independent contractor, the respondent corporation was not liable for any injury received by him under the facts stated. It is pointed out that respondent exercised no supervision or control over and had no contractual relation whatever with the appellant,

and it is therefore urged that respondent was under no obligation, such as ordinarily devolves on the master toward the servant, to furnish the contractor's employee a safe place to work, or to warn him in regard to dangers on the premises. which might not be obvious to a stranger; that if any such obligation existed, it was on the part of the contractor toward his employee.

Counsel for both appellant and respondent cite and comment upon a number of cases involving the question of liability for injury to the servant of an independent contractor upon a property owner's premises. From an analysis of these cases, it is apparent that they constitute a class by themselves where the questions of fact are peculiarly diverse on account of the various elements that enter into consideration. In the first place, there is an infinite diversity of manner and capacity in which one may be injured on the premises of another. Confining the class of persons who may be so injured to employees of independent contractors, we are confronted with varying conditions of relationship between the employee and the contractor on the one hand and both of them with the proprietor on the other. Then, again, there are the various gradations in degree of care required on the part of the proprietor for the protection of those who have a right to be on his premises, corresponding both to the nature of his own business and the business of the invitee. If it is a dangerous business, of course a higher degree of care is required. On the other hand, if the invitee is familiar with the premises or particular conditions thereof, he assumes proportionately more risk. Possibly, therefore, there is not so much a conflict of authority running through the cases as a remarkable diversity of facts and conditions.

Appellant cites, as sustaining his contention on this point, *Clark v. St. Louis etc. R. Co.,* 234 Mo. 396, 137 S. W. 583; 1 Thompson on Negligence, secs. 680–979; *Coughtry v. Globe Woolen Co.,* 56 N. Y. 124, 15 Am. Rep. 387; *Johnson v. Spear,* 76 Mich. 139, 15 Am. St. 298, 42 N. W. 1092; *Brannock v. Elmore,* 114 Mo. 55, 21 S. W. 451; *Union Traction Co. v. Fetters,* 99 Fed. 214, 39 C. C. A. 474; *Samuelson v. Cleveland*

*etc. M. Co.,* 49 Mich. 164, 43 Am. Rep. 456, 13 N. W. 499; *John Spry Lumber Co. v. Duggan,* 182 Ill. 218, 54 N. E. 1002; 29 Cyc. 456, note 12, and cases cited; *Ryan v. St. Louis Transit Co.,* 190 Mo. 621, 89 S. W. 865, 2 L. R. A., N. S., 777; *Stevens v. United Gas & Electric Co.,* 73 N. H. 159, 60 Atl. 848, 70 L. R. A. 119; *Thomas v. Harrington,* 72 N. H. 45, 54 Atl. 285, 65 L. R. A. 742; *Young v. Waters–Pierce Oil Co.,* 185 Mo. 634, 84 S. W. 929; *Wilson v. Hibbert,* 194 Fed. 838, 114 C. C. A. 542; *Katalla Co. v. Johnson,* 202 Fed. 353, 120 C. C. A. 481; *Murch Bros. Const. Co. v. Johnson,* 203 Fed. 1; 121 C. C. A. 353; *Bright v. Barnett & Record Co.,* 88 Wis. 299, 60 N. W. 418, 26 L. R. A. 524; *Dunn v. Cavanaugh,* 185 Fed. 451, 107 C. C. A. 521; *Hoppe v. City of Winona,* 113 Minn. 252, Ann. Cas. 1912A, 247, 129 N. W. 577, 33 L. R. A., N. S., 449.

Respondent cites the following authorities on this question: *Myers v. Edison Electric Illuminating Co.,* 225 Pa. 387, 74 Atl. 223; *Callan v. Pugh,* 54 App. Div. 545, 66 N. Y. Supp. 1118; *Proctor v. San Antonio St. Ry. Co.,* 26 Tex. Civ. App. 148, 62 S. W. 939; *Bush v. Grant,* 22 Ky. Law Rep. 1766, 61 S. W. 363; *Reisman v. Public Service Corp.,* 82 N. J. L. 464, 81 Atl. 838, 38 L. R. A., N. S., 922; *Campbell v. Jones,* 60 Wash. 265, 110 Pac. 1083; *Wright v. Big Rapids Door & Blind Mfg. Co.,* 124 Mich. 91, 82 N. W. 829, 50 L. R. A. 495; *Cole v. Louisiana Gas Co.,* 121 La. 771, 46 So. 801; *Blalack v. Texas Traction Co.* (Tex. Civ. App.), 149 S. W. 1086; *Robichaux v. Morgan's L. & T. & S. S. Co.,* 131 La. 727, 60 So. 206.

In the first place, it must be conceded that appellant in this case was at least an invitee upon the premises of the respondent corporation.

Judge Thompson in his work on "Negligence," vol. 1, sec. 680, says: "The servant of the contractor must be deemed to be upon the premises of the proprietor by his invitation, express or implied; and therefore he owes him the same duty of guarding him against the consequences of hidden dangers on the premises, that a proprietor would in any case owe to

a guest, a customer, or other person coming by invitation upon his premises.''

In some of the cases it is pointed out that the employee of a contractor is more than an invitee,—in the sense that the term ''invitee'' may mean anyone belonging to the general public,—since the proprietor voluntarily contracted for his presence on the premises, knew that he or some other employee of the individual with whom he had contracted would come on his place to carry out his contract; and knew what he would have to do and where he would have to be to do the work required under the contract, so that the proprietor thereby became obligated to exercise more care for his safety while upon his premises than in the case of a mere invitee, to the extent that he was affected with more particular notice. (*John Spry Lumber Co. v. Duggan,* 182 Ill. 218, 54 N. E. 1002.)

The general trend of authority on this question appears to be correctly stated by the author of the case note in 26 L. R. A. 524 (*Bright v. Barnett & Record Co.*), wherein it is said:

''With few exceptions the cases agree in holding that premises upon which an independent contractor is required to labor for the benefit of the owner must be reasonably safe for the purposes of such labor so far as freedom from concealed dangers is concerned.''

And in a later case (*Ryan v. St. Louis Transit Co.,* 190 Mo. 621, 89 S. W. 865, 2 L. R. A., N. S., 777), the author of the note in the latter series says:

''The duty charged on one who is engaged in the generation of electricity to keep the wires within and about his building safe for the servants of another, who has contracted to perform certain work in or about the former's building, is imposed by the well established and familiar doctrine that every man who, expressly or by implication, invites others to come upon his premises, assumes, to all who accept the invitation, the duty to protect them from any danger incurred by coming, which he knows of or ought to know of, and of which they are not aware.''

And this duty extends to places on the premises not accessible to the general public, but which a stranger might have occasion to visit in the performance of some work of necessity, as this court has recently held in a personal injury case resulting from coming in contact with electric appliances.

"Where an electric light and power company maintains its poles within a foot of the poles of a telephone company, and carries and maintains live wires charged with electrical current, it is chargeable with notice that laborers and linemen working on the telephone company's poles and wires may and will come in close contact with the electric light wires, and such company is chargeable with the duty of protecting them from injury." (*Staab v. Rocky Mountain Bell Telephone Co.*, 23 Ida. 314, 129 Pac. 1078.) In the latter case, it was contended that the telephone employee who lost his life was not only not an invitee but was a trespasser, and his relationship, contractual or otherwise, with the electric light company was more remote than that of appellant in the present case.

We do not believe that the principle upon which these cases should be adjudicated is encompassed within the limitations of the master and servant rule. If it be once conceded that this rule applies, the conclusion of course follows that there is no contractual obligation on the part of the owner to furnish the employee of the contractor with a safe place to work. An examination of the cases convinces us that the courts generally have very properly declined to apply that rule in its strictness to this class of cases, but have recognized the expediency and justice of applying the broader and more humane rule of holding the property owner responsible for the safety of any person rightfully on the premises and not an actual wrongdoer, who may be innocently injured upon his premises by the existence of hidden dangers known to the owner or which he should be presumed to know.

In the case at bar, the facts are few and uncontroverted. The plaintiff Gagnon, the employee of the independent contractor, Ward, was upon defendant's premises by agreement.

The agents and servants of the defendant corporation knew that he or some other person was going to visit their premises to do the work contracted for. They must have known that such person would perform labor near the precise spot where the danger existed and the injury occurred. The fact that the unused wires in question were uninsulated and unprotected was peculiarly within their own knowledge. They had complete control of the premises. Unlike some of the cases cited, the independent contractor was not in possession of these premises, even temporarily. Unlike other cases cited, neither the contractor nor his employees are shown to have had any familiarity with these premises, or with the dangers of the business or appliances. Plaintiff came to the transformer station of the defendant corporation to do his work as a painter. He received no warning from defendant against hidden dangers in his place of work. The statement in the complaint of how he came to be injured, while not a masterpiece of the art of pleading, is a natural account of how such an injury might occur. The plaintiff noticed the main transmission wires which entered the building. He knew that they were likely to be dangerous and carefully avoided coming in contact with them. He also saw the unused ends of wires dangling down, without apparent connection or purpose so far as being a working part of the operating plant. He did not know what they were for and was not chargeable with apprehending any danger from them. He did not mean to touch them, but "inadvertently" came in contact with them and was injured. It could not be said that he assumed the risk, for the danger that he encountered was certainly one not ordinarily incident to the business.

This court has repeatedly declared that "electric companies are held to the highest degree of care practicable to avoid injuries to persons who may accidentally or otherwise come in contact with their wires. Electricity is recognized as one of the most destructive agencies we have, and the highest degree of care and diligence is required by those who are operating electrical plants in order to avoid injury to person and property." (*Younie v. Blackfoot Light & Water Co.,*

15 Ida. 56, 96 Pac. 193; *Eaton v. City of Weiser,* 12 Ida. 544, 118 Am. St. 225, 86 Pac. 541; *Staab v. Rocky Mountain Bell Tel. Co., supra.*)

The complaint states a cause of action. The lower court should have overruled the demurrer and required the defendant to answer. The judgment is reversed and the cause is remanded, with direction to overrule the demurrer and allow the defendant to answer. Costs awarded in favor of appellant.

Sullivan, J., concurs.