412 P.2d 819

**C. L. FIKE, Plaintiff-Appellant,**

**v.**

**Bruce BAUER, J. A. Bauer and John Doe, whose true name is unknown, dba C & B Aerial Services, Inc., Defendants-Respondents.**

**No. 9745.**

Supreme Court of Idaho.

April 1, 1966.

Rehearing Denied April 25, 1966.

Dunlap, Rettig & Rosenberry, Caldwell, for appellant.

Duffin & Duff, Rupert, for respondents.

SPEAR, Justice.

Respondents, J. A. Bauer and his son, Bruce Bauer, residents of Idaho, contacted plaintiff-appellant, C. L. Fike, at his resi- dence in Wyoming to arrange a lease of a. Piper Super Cub airplane owned by appel- lant to C & B Aerial Services, Inc. The in- corporators of Aerial Services were Bruce Bauer, Carma Bauer and Lloyd J. Webb. J. A. Bauer was not an incorporator nor was he a director, officer or stockholder in said corporation. Respondents brought. with them to Wyoming a proposed lease prepared for the corporation by its at- torney, Lloyd J. Webb. Appellant agreed. to the rental of his plane on the terms pro- posed and signed the lease as did Bruce Bauer for the corporation. Bruce Bauer then flew the plane to Idaho and J. A. Bauer remained in Wyoming for the purpose of making changes and corrections in the lease agreement. Such corrections and. changes as were made were initialed by him. Upon what authority J. A. Bauer acted is unclear, but appellant alleges J. A. Bauer was the principal spokesman during negotiations and represented that he was an incorporator, director and officer of C & B Aerial Services, Inc.

The term of the lease ran from the date of its execution on June 30, 1961 until the following September 1st. The corporation agreed to return the airplane to the lessor in as good condition as that in which it was received and to maintain adequate in- surance coverage, insuring loss by collision or other risk. The plane was however thereafter destroyed while in the possession of the corporation. The value of the air-

craft at the time of the collision was approximated at $5,750. The insurance carrier paid $3,556.50 on that amount; and appellant sued for the difference or $2,193.50 on the ground there was not adequate insurance coverage as required by the terms of the lease agreement.

The articles of incorporation of C & B Aerial Services, Inc. were signed March 30, 1961 but were not filed with the Secretary of State of Idaho until July 3, 1961, three days subsequent to the date the lease was signed. The signing incorporators were Carma Bauer, Bruce Bauer and Lloyd J. Webb. The articles were not filed with the county recorder until May 14, 1965, subsequent to institution of this action.

Appellant sued J. A. Bauer, Bruce Bauer and John Doe, who is unknown, contending that since the corporation did not in fact exist on the date of the leasehold agreement, the defendants were jointly and severally liable for the loss sustained. J. A. Bauer, separating himself from the other named defendants, moved for summary judgment on the ground the complaint failed to state a cause of action upon which relief could be granted against him. Affidavits in support of, and in opposition to, the motion were duly filed. The court concluded that the facts necessary to determine the motion were whether or not appellant knew he was dealing with a corporation and whether or not his actions had been such as to estop him from denying the corporate entity. The court granted the motion and entered a summary judgment for defendant J. A. Bauer. Appeal was taken from this judgment.

There is no doubt but what appellant dealt with the C & B Aerial Services, Inc. as a corporation when the lease was executed on June 30, 1961, for the lease was signed by one of the incorporators for and on behalf of the corporation. At that time however the corporation was not even a de facto corporation for it had not qualified by filing the articles of incorporation with the Secretary of State, as required under the provisions of I.C. § 30–108. Until this is accomplished there is no de facto corporation under the rule adhered to by this court. Allen Steel Supply Co. v. Bradley, 89 Idaho 29, 402 P.2d 394, 403 P.2d 859; Marshall-Wells Co. v. Kramlich, 46 Idaho 355, 267 P. 611.

Obviously at the time of the lease's execution the corporation had not complied with the provision of I.C. § 30–108 requiring filing of one set of the articles of incorporation for record in the office of the county recorder of the county in which the registered office of the corporation is situated. So appellant brought this action against the defendants under the provisions of I.C. § 30–110, which provides as follows:

"1. A corporation formed under this act shall not incur any debts or begin the transaction of any business, except such as is incidental to its organization, or to

the obtaining of subscriptions to or the payment for its shares until a triplicate original of the articles of incorporation has been filed for record in the office of the county recorder as provided in section 30–108.

"2. If a corporation has transacted any business in violation of this section, the officers who participated therein and the directors, except those who dissented therefrom and caused their dissent to be filed at the time in the registered office of the corporation, or who, being absent, so filed their dissent upon learning of the action, shall be severally liable for the debts or liabilities of the corporation arising therefrom."

Under this statute J. A. Bauer would be liable to appellant for any breach of the lease agreement if he had been an officer of the corporation or a director thereof at the time the lease was executed. In the affidavits in support of respondent's motion for summary judgment it is alleged and established that respondent J. A. Bauer was not an incorporator, an officer, a stockholder, or a director, nor did he hold any other position of control in the corporation at the time the lease agreement was executed. IRCP 56(e) provides in part as follows:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleading, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be. If he does not so answer under oath, summary judgment shall be entered against him."

This court has recognized and enforced this provision. Minidoka County for Use and Benefit of Detweiler Bros., Inc. v. Krieger, 88 Idaho 395, 399 P.2d 962.

In the affidavit submitted by appellant in opposition to the motion for summary judgment he did not allege that J. A. Bauer was an incorporator or a director or an officer of the corporation, but instead merely alleged that "Bruce Bauer and J. A. Bauer *represented* that they were incorporators, directors and officers of the corporation known as C & B Aerial Services, Inc., an Idaho corporation." (Emphasis supplied.) The penal provisions of I.C. § 30–110 do not extend to a person who merely represents himself to be an officer or a director of the corporation which had not in fact been regularly qualified.

Thus the allegations in appellant's complaint and those contained in his responsive affidavit are insufficient to raise any material issue of fact concerning the liability of J. A. Bauer, and the trial court committed no error in granting respondent's motion for a summary judgment.

The trial court disposed of the motion on the ground that appellant's acts in

dealing with the corporation were sufficient to constitute an estoppel against his contending that the corporation had not become fully qualified. Where final judgment or order of the lower tribunal is correct, but entered upon a different or erroneous theory, the judgment or order will be affirmed by the appellate court upon the correct theory. Gagnon v. St. Maries Light Etc. Co., Ltd., 26 Idaho 87, 141 P. 88; Evans v. Continental Life and Accident Company, 88 Idaho 254, 398 P.2d 646; Jackson v. Blue Flame Gas Co., 90 Idaho 393, 412 P.2d 418.

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.