429 P.2d 414

**Wylie A. PRATHER, Plaintiff-Appellant,**

v.

**INDUSTRIAL INVESTMENT CORPORATION, Trus-Joist Western Corporation, John C. Hepworth, J. Robert Tullis, E. A. Liming, Zimri E. Mills, James L. Titmus, Z. Peter Scherer and Frank Giese, Defendants-Respondents.**

No. 9877.

Supreme Court of Idaho.

June 23, 1967.

Wylie A. Prather, in pro. per.

Hepworth & Nungester, Buhl, Marcus, Leggat & Marcus, John Fairchild, Boise, for respondents.

McQUADE, Justice.

When this action was commenced on February 28, 1966, P & R Development Co., of which appellant Wylie A. Prather was president and a large stockholder, had been undergoing involuntary bankruptcy since October 1965, in the federal district court for Idaho. The creditor's petition initiating the bankruptcy was signed by several respondents who had been P & R directors. Appellant's original complaint was dismissed for failure to state a claim, and in his amended complaint of March 21, 1966, appellant primarily alleged that respondents had conspired wrongfully and maliciously to have P & R subjected to the bankruptcy. On March 22, 1966, the federal court filed an order finding P & R bankrupt and converting the proceedings from chapter X (corporate reorganization) to general bankruptcy.

Respondents moved for summary judgment without filing an answer, attaching a copy of the findings, conclusions and order in bankruptcy. After a hearing on the motion, at which appellant presented no documentary evidence or affidavits, the trial court entered an order granting summary judgment in favor of all respondents. This is an appeal from that order.

Appellant's amended complaint contains vague allegations which may be summed up as follows: that respondent James L. Titmus, who held "a position of responsibility and trust" in P & R, had "connections" with the two respondent corporations, Industrial Investment and Trus-Joist Western, both Idaho corporations, and "concocted a scheme to defraud" P & R and Prather; respondents Frank Giese, Zimri E. Mills, and Z. Peter Scherer, then P & R directors, placed respondent Titmus in his position, above mentioned, "maliciously,"

seeking through him to further "selfish interest[s]" of respondent corporations Industrial Investment and Trus-Joist Western; that Giese, Mills, Scherer, Titmus, and respondent E. A. Liming, then "manager" of respondent Trus-Joist, conspired to place P & R wrongfully in bankruptcy, first by "canvassing" creditors of P & R in a fruitless attempt to induce them to sign a bankruptcy petition against P & R, and then "the defendants" (not specifically identified) "themselves signed the petitions in fraud * * * when in fact they were not creditors" of P & R; and that respondents John C. Hepworth and Robert Tullis, "officers" of respondent Industrial Investment, participated in the fraudulent creditors' bankruptcy proceeding.

The gravamen of appellant's complaint is thus that the respondents, together, wrongfully caused P & R to be adjudged bankrupt. Except for the allegation that some of the respondents had filed fraudulent claims in the bankruptcy proceeding, appellant does not allege any acts by which respondents caused P & R's bankruptcy.

The bankruptcy proceeding findings include: that Prather had transferred to himself substantially all the assets of P & R on September 17, 1965, which transfer "may be set aside"; and that P & R was on March 11, 1966, "in a bankrupt condition, that is its assets are less than total liabilities * * * ." Prather's transfer occurred eight days after P & R's shareholders (Prather's amended complaint says he was the "largest stockholder") had dismissed Titmus and had removed all the respondents who were then P & R directors. The creditors in bankruptcy filed their petition during October 1965, according to respondents' (except Scherer's) brief (p. 2), the only document before this Court which states the petition's date.

■ In the bankruptcy court, appellant had his opportunity to litigate the validity of respondents' claims, an essential element of their bankruptcy petition. Cf. Myers v. International Trust Co., 263 U.S. 64, 44 S.Ct. 86, 68 L.Ed. 165 (1923); 2 Collier, Bankruptcy § 18.43[2] (14th ed. Moore & Oglebay 1966). Nowhere in the amended complaint appears any interest which either respondent corporation might have had in the affairs or bankruptcy of P & R; and although there are several allegations that respondents Scherer, Giese and Mills acted in order to direct P & R's assets into the two respondent corporations, no financial or other business relation between these three respondents and the two corporations is suggested in the amended complaint.

■ At the hearing on respondents' motion for summary judgment, appellant introduced no affidavits or other documents to contradict respondents' showing, see Idaho R.Civ.P., 56(e), nor did he present an affidavit containing reasons, if any there were, why he was then unable to state "affidavit facts essential to justify his position." Idaho R.Civ.P., 56(f). Considering appellant's failure to raise any question of material fact, and this record's absence of any issue, the trial court properly entered summary judgment in favor of all the respondents. Idaho R.Civ.P., 56(e); Fike v. Bauer, 90 Idaho 442, 412 P.2d 819 (1966); Boesiger v. DeModena, 88 Idaho 337, 344, 399 P.2d 635, 639 (1965).

Judgment affirmed. Costs to respondents.

TAYLOR, C. J., SMITH and SPEAR, JJ., and PRATHER, D. J., concur.