WALES SPENCER, EARL SPENCER and CHARLES SPENCER, Copartners, as SPENCER BROS., Respondents, v. FRANK S. GEDNEY and RALPH D. GEDNEY, Copartners, as GEDNEY & GEDNEY, Appellants.

[260 Pac. 699.]

Damages—Negligence—Bar to Recovery—Evidence—Contributory Negligence, Debatable Question for Jury—Duty to Watch and Tend Fire—Appeal and Error—Instructions.

1. When one knows of the existence of fire on adjoining premises, and sees that it is advancing toward his property, he cannot negligently stand by and allow it to advance and destroy his property and still recover damages, when, by reasonable effort, he might prevent such destruction.

2. Under the evidence, whether persons to whose property there spread fire set by others on their adjoining premises were guilty of contributory negligence *held* question for jury.

Argument for Appellants.

3. Where persons set fire on their premises, it is primarily their duty to watch and tend it so that it shall not spread to adjoining premises of others.

4. It will be presumed that the instructions were correct, and it cannot be said that they were disregarded, they not being in the record, but it appearing they were considered on the motion for new trial, which was denied.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Dana E. Brinck, Judge.

Action for damages. Judgment for plaintiffs. Order denying motion for new trial *affirmed*.

Hawley & Hawley, for Appellants.

The court exercised its discretion in denying the motion for new trial, without legal ground or excuse therefor, and against the facts and reasonable inferences therefrom. (*Williams v. Skelton,* 40 Ida. 741, 237 Pac. 412; *Baillie v. City of Wallace,* 22 Ida. 702, 127 Pac. 908; *Boomer v. Isley,* 42 Ida. 547, 47 A. L. R. 578, 246 Pac. 966.)

"After discovering that the fire has started, and that it is advancing towards his property, the plaintiff cannot negligently stand still and allow the fire to advance and destroy his property, when, with reasonable efforts, he may prevent such destruction, and then be permitted to recover for such a loss." (Note, 27 A. L. R. 287; *Smith v. Ogden & N. W.*

---

Publisher's Note.

1. Failure to extinguish fire on adjoining property as contributory negligence precluding recovery for damage by fire spreading to plaintiff's property, see note in 27 A. L. R. 285. Contributory negligence as affecting liability for spread of fire intentionally kindled on one's own premises for legitimate purpose, see note in 45 A. L. R. 878. See, also, 11 R. C. L., Fires, sec. 7.

3. See 11 R. C. L., Fires, sec. 1 et seq.

See Appeal and Error, 4 C. J., sec. 2710, p. 766, n. 7; sec. 2711, p. 768, n. 30.

Negligence, 29 Cyc., p. 460, n. 64, 65, p. 507, n. 47, p. 515, n. 99, 1, 2, p. 621, n. 92, p. 640, n. 13, p. 641, n. 17.

*R. Co.*, 33 Utah, 129, 93 Pac. 185; *Stewart v. Quincy & O. & K. C. R. Co.* (Mo.), 27 A. L. R. 286, note; *Martin Timber Co. v. Great Northern Ry. Co.*, 123 Minn. 423, Ann. Cas. 1915A, 496, 144 N. W. 145.)

Oppenheim & Lampert and E. O. Smith, for Respondents.

Contributory negligence is an affirmative defense, the burden of establishing which is on the defendant. (*Graves v. Northern Pacific R. Co.*, 30 Ida. 542, 166 Pac. 571; C. S., sec. 6721, and cases there cited.)

Contributory negligence is a matter of defense in this state, and where the question is presented and there is a conflict of evidence the jury are the exclusive judges of the weight and preponderance of the evidence and may determine for themselves as to whether the defense of contributory negligence has been made out. (*Staab v. Rocky Mt. Bell Tel. Co.*, 23 Ida. 314, 129 Pac. 1078.)

Where a fire is set out by a defendant upon his own premises, it is not incumbent upon a plaintiff to invade the defendant's premises and extinguish the fire unless or until it is of such a character as to impress a man of ordinary prudence with the belief that the danger to his property is immediate and pressing. (*Texas Pacific R. Co. v. Leon & H. Blum Land Co.* (Tex. Civ. App.), 49 S. W. 253; *Mahaffey v. Rumbarger Lbr. Co.*, 61 W. Va. 571, 56 S. E. 893, 8 L. R. A., N. S., 1263; *Propert v. Flanagan*, 277 Pa. 145, 120 Atl. 783; *Franey v. Illinois Central R. R. Co.*, 104 Ill. App. 499; *Chicago, Burlington & Q. R. Co. v. Bautsch*, 129 Ill. App. 23.)

A plaintiff in putting out a fire to minimize his loss cannot be held liable for an error as to the best method of putting it out. (*Alabama Great Southern R. Co. v. Planters' Warehouse & Com. Co.*, 153 Ala. 241, 45 So. 82.)

Whether the failure of a party to extinguish a fire on property adjoining his own constitutes contributory negligence so as to preclude any recovery for damages from the spread of such fire to his own property is a question for the

jury. (*Franey v. Illinois C. R. Co., supra; Richmond v. McNeil,* 31 Or. 342, 49 Pac. 879; *Ide v. Boston & M. R. Co.,* 83 Vt. 66, 74 Atl. 401; *Mills v. Chicago, M. & St. P. R. Co.,* 76 Wis. 422, 45 N. W. 225; *Miller v. Neale,* 137 Wis. 426, 129 Am. St. 1077, 119 N. W. 94.)

BABCOCK, Commissioner.—This is an appeal from an order denying a motion for a new trial, based on the insufficiency of the evidence and that the verdict was against the law.

By the complaint in the case, the plaintiffs sought to recover from the defendants damages sustained from a fire started by the defendants in March, 1923. The principal allegation of negligence is that after the fire was started the defendants were negligent in not tending the same and by reason of their negligence said fire became unmanageable and thereafter, by reason of defendants' negligence, said fire leaped across the road that divided plaintiffs' and defendants' properties, and, notwithstanding the efforts of the plaintiffs to control the same, reached plaintiffs' corrals and feed grounds and damaged plaintiffs' property.

The answer denied negligence and alleged the fact to be that the defendants managed and watched said fire until they believed it was out. The defendants also interposed an affirmative defense that they used the customary method of clearing their land by burning; that other fires caused the damage; that the real cause of the damage was *vis major,* an exceedingly high and unusual wind of unprecedented violence and velocity. The answer closed with an allegation of contributory negligence that said fire, started by the defendants, was seen and known by the plaintiffs, and the plaintiffs did see and know the damages (danger) if any, but did not use proper or ordinary care, or make reasonable efforts to avoid it.

The verdict was for the plaintiffs for the sum of $1,190.50, and judgment was entered for that amount. Defendant made a motion for a new trial, which was denied. This appeal is from that denial.

The evidence shows that in March, 1923, appellants and respondents were in possession of adjoining lands in Ada county, appellants' land lying on the west side and respondents' on the east side of what is known as the Mountain Home-Grand View Highway. The respondents were occupying a lot of about ten acres of their land as lambing grounds for sheep. On the east side of the highway and in front of this lot is a canal, on the banks of which, at that time, was a large amount of dry weeds, the canal containing a small amount of water. About 450 feet east of the highway on respondents' lot were four frame lambing sheds, and adjacent thereto on the south were twenty-five small pens in which ewes were placed after lambing. These pens were formed by two parallel windbreaks made by setting lines of posts twelve inches apart, attaching wire netting thereto, and filling the intervening space with straw and weeds. They ran east and west and were about nineteen feet apart. At intervals of sixteen feet wooden panels were placed across to form the pens. The west ends of these windbreaks were about twenty feet east of the canal bank.

Both appellants' and respondents' lands were fenced, and a considerable amount of tumbleweeds and trash had accumulated, both on the inside and outside of the fences, and the situation generally was favorable to a spread of fire. These conditions were known to both appellants and respondents.

The respondents, Wales Spencer and Earl Spencer, are brothers, Wales Spencer being the older. The appellant, Frank S. Gedney, is the father of the appellant, Ralph D. Gedney.

On March 19, 1923, the appellants, for the purpose of clearing their land of trash, consisting mostly of straw and weeds, set out fires in several different places thereon across the road from the lambing grounds of respondents, the nearest fire being set fifty to seventy-five yards from the west end of the pens, described as being located on respondents' lot. The road at this place is about sixty-five feet wide, but only twenty feet was free from weeds. On that

day the elder Spencer was at work, with four or five of his men, on his place with the sheep, it being lambing time.

When the fires were started by the appellants there was a moderate wind from the northwest and toward the respondents' lambing grounds. The wind during the day would rise at times and then die down, but grew stronger late in the evening. Some time after 10 o'clock at night the fire leaped the road and burned respondents' sheep-pens and a number of sheep.

The elder Spencer testified in substance that he noticed the fire from time to time during the day, and, while he did not pay much attention to it in the morning, he was somewhat worried about it in the afternoon; sometimes it would blaze and then again it would die down; someone was tending it during the day but he did not see anybody after 3 o'clock in the afternoon; he went to supper at about 5:30, at which time the fire had not changed much, but was about the same as it had been for two hours previous to that time; he observed the fire growing about 9 o'clock; he had been keeping watch on it; at about 9:30 or 10 o'clock the wind began to die down and the fire did not look as big; he started to go to bed, when his wife called his attention to the fact that the fire was growing; he got up and it looked a lot stronger, and the wind began to rise; he got a bucket and ran down, and as he got closer he could see more fire; he fought the fire for quite a while and a couple of sheep-herders came down and helped, and afterward some men came over from the Bruneau Sheep Company; at the time he arrived at the fire it was burning along the Gedney fence and it had not crossed the road yet; after the fire crossed the road to his ground he began to turn the sheep out, which took about an hour, after which he began to fight the fire again.

The appellant, Frank S. Gedney, testified that he came down just after noon, and about 3 o'clock started a string of fires through the middle of the lot so as to burn the whole lot off; there would be a place where he would drop a string of fire, a place three, four or five feet square, and

that would burn and go out, then he would put some more there; they just checkerboarded the lot with fire; they stopped setting out any more fires an hour before it was dusk; the fires all went out; there were no fires there, but some smoke.

The appellant, Ralph D. Gedney, testified in substance that he set out the fire on their feed lot about 9 o'clock in the morning of March 19, 1923; his father came over after dinner and took a pitchfork and set a string of fire right down through the center of the lot; he and his father quit work and went to the cook shack at about 7 o'clock, and were in the shack for a few minutes, then he went with his father back to the car, and his father went home; he went back to the shack and had supper and went to bed about 8:30; before he went to bed he went out and looked in the direction of the lot to see if he could see anything, and there was no fire to be seen.

Assignments of error made by the appellants and discussed in their brief are:

Denial of appellants' motion for a new trial, which motion was based on: First, insufficiency of the evidence to justify the verdict, with a specification of particulars wherein the evidence is insufficient; and, second, that the verdict and judgment were against the law, because (a) the evidence conclusively established the contributory negligence of the plaintiffs as a proximate contributing cause to the fire and losses complained of; (b) that the jury disregarded the instructions of the court.

These several assignments are so closely related that they may all be discussed together; in fact, they raise but one question, and that is as to whether, as a matter of law, based on the facts, the respondents were guilty of contributory negligence.

If it can be said that the respondents failed to act with such promptness and to make such efforts as would be expected and required of an ordinarily prudent man in like situation to protect his property, then the motion for a new trial should have been granted. On the other hand, if they

did so act or there is a conflict in the evidence in that regard, then the verdict of the jury and judgment should not be disturbed.

[1] ·The law is well settled that when a person knows of the existence of a fire on adjoining premises, and sees that it is advancing toward his property, he cannot negligently stand by and allow it to advance and destroy his property and recover damages, when, by reasonable effort, he might prevent such destruction. (*Smith v. Ogden & N. W. R. Co.,* 33 Utah, 129, 93 Pac. 185.)

What constitutes negligence in such a case is to be determined by all the facts and circumstances as they exist at the time, and whether such fire be of accidental origin or otherwise. If accidental, there would be a duty imposed upon such person to extinguish such fire as soon as discovered, but if such fire be started on the adjoining land purposely and rightfully he would not be called upon to act in the matter and invade the adjoining premises unless the fire was of such a character as to impress a man of ordinary prudence that the danger to his property was immediate and pressing. (*Texas Pacific R. Co. v. Leon & H. Blum Land Co.* (Tex. Civ. App.), 49 S. W. 253.)

[2] We are of the opinion that the evidence of the respondent, Wales Spencer, and the appellants, Frank and Ralph Gedney, as hereinbefore set out, presented a debatable question as to just at what time in the night of March 19th the danger to respondents' property became so imminent and apparent as to call for immediate action by respondents; and also, as to whether at that time, and thereafter, respondent, Wales Spencer, made reasonable efforts to protect respondents' property.

[3] The appellants having set out the fire, it was primarily their duty to watch and tend it so that it would not spread to the adjoining lands and property. They were well acquainted with the conditions prevailing as to respondents' lambing grounds across the road from the fire, but they seem to have satisfied themselves that the fire had either gone out entirely or had so far died down that there

was no danger, the younger Gedney having gone out and looked in the direction of the lot and satisfied himself in that regard before going to bed at 8:30 in the evening. The elder Spencer had been watching the fire all day and at 9:30 or 10 o'clock, noticing that the wind had died down, started for bed, when his wife called attention to the fact that it was getting bigger, whereupon he immediately made an effort to extinguish it and to keep it from crossing the road, so as to save his property, and as soon as he concluded that it was beyond control started to turn out the sheep so as to minimize his loss.

"Contributory negligence is a matter of defense in this state, and where the question is presented and there is a conflict of evidence, the jury are the exclusive judges of the weight and preponderance of the evidence and may determine for themselves as to whether the defense of contributory negligence has been made out." (*Staab v. Rocky Mountain Bell Tel. Co.,* 23 Ida. 314, 129 Pac. 1078.)

[4] As to the contention that the jury disregarded the instructions of the court, the instructions given do not appear in the record. It does appear, however, from the record that the instructions requested and given were considered by the court in passing on the motion for a new trial. It will, therefore, be presumed that the instructions given were proper, and, from what has already been said, it does not appear that the jury disregarded them.

We are of the opinion that the verdict of the jury is justified by the evidence, and that there was no error committed by the court in denying the appellants' motion for a new trial. We recommend that the order denying the motion for a new trial be affirmed, with costs to respondent.

Featherstone and Adair, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. The order denying the motion for a new trial is affirmed. Costs to respondent.